HARDY, Judge
(dissenting).
The majority opinion correctly states the uncontradicted facts that Leahy, the purchaser, conducted his negotiations with plaintiff. In order to support the conclusion that this was insufficient proof to sustain plaintiff’s claim it would be necessary to find that the “Mr. Bassett” who contacted defendant was not only the same “Mr. Bassett” who visited the property with Leahy but that he was a party to the transaction culminating in the purchase of the property, and that he acted in concert with Leahy. It is worthy of comment that the majority opinion contains no reference whatsoever to any basis for such findings. The opinion does make the following statement :
“Mr. Bassett testified he had never contacted Mrs. Palmer and he was in no way instrumental in the purchase of the property by Leahy. Mrs. Palmer and Mr. and Mrs. Kelly testified to the contrary.”'
As I appreciate the testimony in the record it does not support the last sentence of the above quoted extract from the majority opinion. The extent of Mrs. Palmer’s testimony on this point was that she had received a call from a man who identified himself as a “Mr. Bassett” and that she called the *658 Kellys to notify them that they might expect a visit from a “Mr. Bassett”. The testimony of Mr. and Mrs. Kelly confirmed Mrs. Palmer’s testimony on this point. However, I have been unable to find anything in the testimony of any witness which would justify a finding that Bassett was actively connected with Leahy’s negotiations.
Finally, assuming every interpretation of the testimony which would be most favorable to the defendant, the fact remains that Leahy, not Bassett, was the purchaser of the property and his negotiations, except for the final stages, were conducted with plaintiff.
For the reasons stated, I respectfully •dissent.
Rehearing denied; HARDY, J., dissents.